Myers *v.* James.

## M. A. MYERS *v.* H. M. JAMES.

1. CHANCERY PLEADING AND PRACTICE. *Exceptions to a Clerk's report.* Exceptions a Clerk's report of sale are inadmissible, which require the Court to go behind or modify the decree under which the sale was made, or to look outside of the record on which it is based.

2. SUPREME COURT PRACTICE. *A decretal order will not be modified at a subsequent term of the Court.* A decretal order will not be modified at a subsequent term by this Court, upon grounds which might and should have been urged when the order was made, nor at all after it has been executed, unless, indeed, in a very extraordinary case.

3. JUDICIARY SALES. *Inadequacy of price.* Mere inadequacy of price is no ground for setting aside a judicial sale.

4. SAME. *Clerk. Has discretion as to time of sale.* A Clerk has a discretion in selecting a day for the execution of a decree of sale, which will not be controlled except in a clear case of abuse.

5. SAME. *That creditor claims prior title is no ground for interference.* It is no ground for interfering with a judicial sale that the creditor, in whose favor the sale is ordered, insists upon a prior title to the property, under which he claims, duly recorded and mentioned in the pleadings of the cause.

---

FROM SHELBY.

---

Exceptions to Clerk's report of sale.

H. C. WARRINER for Myers.

J. M. GREGORY for James.

Myers *v.* James.

COOPER, J., delivered the opinion of the Court.

At the last term of this Court a decree was rendered in this cause, ascertaining the debt of the defendant against the complainant, and ordering the land in controversy to be sold by the Clerk in satisfaction thereof, for cash, in accordance with the terms of · the mortgage or trust deed, executed for its security. The sale was made, under the decree, on the 8th of December, 1879, and the land struck off to the defendant, as the highest bidder, at the bid of · $5,000. The Master has reported the sale, and the defendant now asks for a confirmation of his report. The complainant objects to the confirmation, and has filed the following exceptions to the report: 1st, Because the sale was made under a decree of the Court, not by the trustee under the trust deed, and was made for cash, barring the equity of redemption. 2nd, Because the sale was made at an inadequate price. 3rd, Because the sale was made at an unfavorable time. 4th, Because the claim of a prior and superior title by the defendant, recorded in the Register's office, and otherwise generally known, prevented the complainant from raising money on the property. 5th, Because the title was clouded by the alleged claim of defendant, who insisted upon said claim so that the property might be sold at a sacrifice. 6th, Because the sale did not accurately pursue the directions of the decree in the manner or the time of the adver-

tisement.    7th,  Because  the  report  charges  the
costs  of  sale  against  complainant,  when,  by  the
decree,  the  costs  were  to  be  charged  against  de-
fendant.

Exceptions  to  a  Master's  report  are  allowed  for
the  purpose  of  testing  the  question  whether  the
report  is  in  accordance  with  the  decree  or  order
directing  it,  and,  in  proper  cases,  sustained  by · the
evidence  on  which  it  purports  to  be  based.    If  the
Master  has  obeyed  the  decree  in  the  case  of  a
sale,  and,  in  other  cases,  has  followed  the  weight
of  the  testimony,  exceptions  are  of  no  avail.    Ex-
ceptions  to  a  report  are  in  the  nature  of  a
special  demurrer,  and  must  distinctly  point  out
the  discrepancy  between  the  report  and  the  record
on  which  it  is  based :    *Ridley*  v.  *Ridley*,  1  Cold.,
332.    A  speaking  demurrer  is  clearly  bad,  and
speaking  exceptions  must  be  equally  so,  and  for
the  same  reason.    The  Court  cannot  go  outside
of  the  record  to  act  upon  them :    *Goddard*  v.  *Cox*,
1  Lea,  113;  *Childress*  v.  *Harrison*,  1  Bax.,  410.

If  a  party  has  any  ground  for  setting  aside
the  report,  which  does  not  appear  in  the  record,
his  remedy  must  be  sought  in  some  other  mode
than  by  filing  exceptions.    He  cannot,  by  ex-
ceptions  to  a  report,  have  the  benefit  of  a  re-
hearing,  or  of  a  bill  of  review,  or  of  an  original
bill.

All  of  the  exceptions  filed  in  this  case  seek
either  to  modify  the  decree  or  to  go  outside  of · the
record· on  which  the  report  must  stand,  except  the

sixth and seventh, and are inadmissible. **The** sixth exception is too vague, because it does not specifically point out the departure from the decree in the manner and the time of advertisement which is complained of. The brief of the counsel in support of this exception, suggests that the trust deed requires the advertisement of sale to be made for thirty days, and if the decree is construed to direct the sale in accordance with the trust deed, then the report shows an advertisement for a shorter period. But the direction of the decree was to sell for cash, free from the equity of redemption, as provided in the trust deed, " after advertising the said property according to law." The decree has been obeyed.

The seventh exception is based on an erroneous construction of the decree. The defendant was charged with all the costs of the cause up to the decree, but not with the costs of executing the decree occasioned by the failure of the complainant to pay the money judgment within the time prescribed by the Court.

The exceptions must be disallowed

The complainant has filed a petition, supported by a full and able argument, seeking to have the decree modified so as to give the complainant the right to redeem. But this argument should have been submitted at the last term, when the decree was rendered. No sufficient reason is given why this was not done. It would not, however, have availed the client. The direction to sell for cash

free from the right of redemption was deliberately made, because these were the terms of the contract entered into by the parties, by which they ought to be bound, except under very peculiar circumstances, and because there had already been a long delay to the prejudice of the defendant. It would, moreover, be an extraordinary case which would justify the Court in changing the terms of a decretal order after the order had been executed. If the affidavits, presented in support of the exceptions, which have been disallowed or improperly filed, are treated as an informal petition or application for relief upon the facts therein stated, they present no sufficient ground for refusing to confirm the sale. Mere inadequacy of price can never be allowed to interfere with a judicial sale, for if it were otherwise, very few sales would ever be made.

Property, at the end of litigation, must go for what it will bring.

The Court has no right to interfere with the execution of its own decree, if fairly conducted, and, therefore, no power to indulge the unfortunate debtor.

The discretion of the Clerk in fixing the day on which a decree of sale will be executed, can only be controlled in a clear case of its abuse. As the sale is still open for advanced bids, the time when it was made was no more unfavorable than any other day between the last and the present term, when it was required to be made,

and so far as appears, the day selected was as favorable as any. The prior title under which the defendant claimed, appeared in the pleadings, and he cannot be prejudiced by merely insisting on his rights.

The sale must be confirmed.